# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAKOTA DESIGN COMPANY LLC,** | Case No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| **VALERIE FURAZHENKO, doing business as VIOLA HOUSE,** | |
| Defendant. | |

## COMPLAINT

Plaintiff Dakota Design Company LLC ("Dakota Design"), by and through its undersigned attorneys, brings this Complaint against Defendant Valerie Furazhenko, doing business as Viola House ("Defendant" or "Viola House") seeking injunctive relief and damages. Dakota Designs alleges as follows:

## NATURE OF THE CASE

1. This is an action for copyright infringement, and breach of contract and licensing agreement, against Defendant, arising from Defendant's unauthorized use and commercial exploitation of Dakota Design's intellectual property.

2. Dakota Design is a business consultancy firm based in Illinois and is the author of the original work entitled "Bedroom Essentials Guide" (the "Copyrighted Work").

3. Dakota Design created the Copyrighted Work as a nine-page template to be used by its interior designer clients to provide to their own clients when designing their bedrooms.

4. Dakota Design's Copyrighted Work is registered with the United States Copyright Office with Registration Number TX 9-496-417. (*See* Ex. A).

5.     Defendant is an interior design studio based in Ontario, Canada. On or about March 14, 2023, Defendant purchased and downloaded the Copyrighted Work from Dakota Design's website. Before checking out, Defendant agreed to Dakota Design's Terms of Use, which state that "**You may not republish, reproduce, duplicate, copy, sell, creative derivative works of, display, disclose, distribute to friends, family or any other third party**, or otherwise use any material from the Product or content for commercial purposes or in any way that earns you or any third-party money (other than by applying them generally in your own business)." The Terms of Use also explicitly state in multiple places that the templates contain proprietary information and materials owned by Dakota Design cannot be re-sold or used to make derivative works.

6.     In or around September, 2024, Dakota Design learned that Defendant was giving what is a blatant copy of Dakota Design's Copyrighted Work (the "Infringing Product") to its customers. Many pages of the Infringing Product, also a nine-page template, were copied word-for-word from the Copyrighted Work. Six of the pages are essentially identical, using the same text, layout, and font.

7.     Upon information and belief, Defendant's infringing activity serves a commercial purpose; namely, to promote Defendant's business and/or to gain a commercial advantage relative to Defendant's competitors, which include Dakota Design. Specifically, upon information and belief, Defendant has used and continues to use the Infringing Product to attract potential customers and build Defendant's email distribution list as part of a sales funnel to promote and sell related digital products.

8.     Dakota Design never authorized Defendant to use the Copyrighted Work in this manner. Accordingly, Defendant's distribution of the Infringing Product constitutes willful copyright infringement, as well as breach of the contract and licensing agreement.

9. Dakota Design now brings this action to hold Defendant accountable for its blatant disregard for Dakota Design's intellectual property rights and the Parties' legally binding and enforceable contracts, and to recover damages for Defendant's willful copyright infringement and breach of contract.

## PARTIES

10. Dakota Design is a business consultancy firm based in Cook County, Illinois.

11. Defendant Valerie Furazhenko, who is doing business as Viola House, on information and belief, is a Canadian sole proprietorship based in Newmarket, Ontario, Cananda, post code L3X0K9. Valerie Furazhenko is the owner and lead designer of Viola House.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over Dakota Design's copyright infringement claim (Count I) pursuant to 28 U.S.C. §§ 1331 and 1338 because this claim raises a federal question concerning copyright infringement pursuant to 17 U.S.C. § 101 *et seq.* This Court has supplemental jurisdiction over Dakota Design's breach of contract claims (Counts II and III) because these claims are so related to Dakota Design's copyright infringement claim that they form part of the same case or controversy under Article III of the United States Constitution.

13. This Court has personal jurisdiction over Defendant because, among other reasons, (i) Defendant offers for sale and, upon information and belief, sells products to United States consumers, including customers in Illinois, at least through the ViolaHouse.ca website; (ii) Defendant distributes the Infringing Product to United States consumers, including consumers in Illinois, as a way to promote its business and other products that Defendant does sell to United States residents, including residents of Illinois; (iii) in addition to (i) and (ii), Defendant otherwise purposely directs business activities toward United States residents, including Illinois residents

specifically, through the ViolaHouse.ca website, as well as through social media platforms including Instagram, TikTok, and Pinterest; (iv) Defendant purposefully avails itself of the privilege of doing business in the United States and in Illinois specifically; (v) Defendant derives substantial revenue as a result of its activity directed to the United States, and its activity directed to Illinois residents specifically, including, upon information and belief, revenue that is attributable to Defendant's unauthorized distribution of the Infringing Product to residents of the United States, and to residents of Illinois specifically; (vi) Dakota Design's claims, as set forth below, arise from acts directed toward, and harm sustained by Dakota Design in, the United States, and Illinois specifically; such harm includes, but is not limited to, loss of business, including diversion of purchasers of the Copyrighted Work from Dakota Design to Defendant, as well as damage to Dakota Design's goodwill and business reputation, and loss of exclusivity; (vii) Defendant conducts continuous and systematic business within the United States, and within Illinois specifically, which business played an integral part in the infringement of Dakota Design's copyrights as well as Defendant's material breaches of the Parties' agreements; and (viii) the exercise of personal jurisdiction over Defendant by this Court comports with traditional notions of fair play and substantial justice.

14. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions which gave rise to the claims occurred in this District, including, but not limited to, Dakota Design suffering harm within this District.

## **DAKOTA DESIGN'S COPYRIGHTED WORK**

15. Dakota Design is a successful business consultancy firm based in Cook County, Illinois with clients in the interior design business who are located throughout the state, country, and world.

16. As part of Dakota Design's business operations consultancy services, Dakota Design creates and sells templates that its clients can tailor to their own clients. Dakota Design maintains ownership of all intellectual property rights related to the templates, which are sold and delivered to clients pursuant to a limited license agreement.

17. At check out, purchasers of the templates are required to check an electronic box indicating that they agree to Dakota Design's Terms of Use, which explicitly state that "**You may not republish, reproduce, duplicate, copy, sell, creative derivative works of, display, disclose, distribute to friends, family or any other third party**, or otherwise use any material from the Product or content for commercial purposes or in any way that earns you or any third-party money (other than by applying them generally in your own business)" (emphasis in original). (*See* Exhibit B (Terms of Use), § 10).

18. In addition, there is a Limited License Agreement included within the purchased template. The Limited License Agreement states as follows: "The Interior Designer Client Experience Templates are intended for unlimited use by **one person** (the "Purchaser"). Dakota Design Company, LLC grants a non-exclusive license to the Purchaser to use the templates. The Purchaser cannot resell, duplicate, share, copy, distribute, create derivative works, or offer the template to any third party or marketplace without express written consent from Dakota Design Company, LLC" (emphasis in original).

19. The Limited License Agreement re-iterates in plain language, "**Essentially, you can't share these templates with your industry friends, modify them and/or sell them as your own, or redistribute them or any of their content in any way except with your interior design clients**" (emphasis in original).

20. There is also a Limited License to Use included within the purchased template, which states, "The Purchaser shall not acquire any intellectual property rights under this Agreement except the limited right to use as set forth above. The Purchaser acknowledges that, as between Dakota Design Company, LLC and the Purchaser, the Intellectual Property and all related copyrights and other intellectual property rights, are (and at all times will be) the property of Dakota Design Company, LLC, even if suggestions, comments, and/or ideas made by the Purchaser are incorporated into the templates or related materials."

21. Dakota Design's templates include the Copyrighted Work at issue here, "Bedroom Essentials Guide," which is registered with the United States Copyright Office with Registration Number TX 9-496-417 (*see* Ex. A). A copy of the Bedroom Essentials Guide is attached hereto as **Exhibit C**.

## DEFENDANT'S UNLAWFUL CONDUCT

22. Through the ViolaHouse.ca website, Defendant offers for sale a variety of products, and offers to distribute other products on a complimentary basis, upon information and belief, as a promotional tool to augment sales. These complimentary promotional offerings include various "Essential Templates for Interior Designers."

23. On or around March 14, 2023, Defendant purchased and downloaded the Copyrighted Work from Dakota Design's website.

24. Before checking out, Defendant agreed to Dakota Design's Terms of Use, which prominently state that Dakota Design retains all intellectual property rights over the Copyrighted Work and that Dakota Design only granted Defendant a limited license to use the Copyrighted Work, which limited permitted use did not include reselling, duplicating, sharing, distributing, or creating derivative works based on the Copyrighted Work.

25. Dakota Design never authorized Defendant to distribute the Copyrighted Work in any manner, nor did Dakota Design convey to Defendant any other property or rights.

26. Nonetheless, without Dakota Design's permission, and in breach of the Terms of Use and the Limited License Agreement/Limited License to Use, Defendant distributed through its website its own version of the Copyrighted Work ("the Infringing Product"), which includes highly substantial content and design willfully and intentionally copied directly from the Copyrighted Work. The Infringing Product is attached hereto as Exhibit D.

27. A side-by-side comparison of two pages of Dakota Design's Copyrighted Work and the Infringing Product distributed by Defendant is depicted below:

[redacted]

9

28. Upon information and belief, Defendant, through the ViolaHouse.ca website, has reproduced the Infringing Product and distributed the Infringing Product to third-parties, including, upon information and belief, third-parties residing in the United States and in Illinois specifically, despite the fact that Defendant has never had any license, authority, or other permission from Dakota Design to do so.

29. Defendant, through the ViolaHouse.ca website, has misled customers into believing that Defendant has authority to distribute the Infringing Product.

30. On information and belief, Defendant has earned substantial profits attributable to (i) its unauthorized distribution of the Infringing Product and otherwise attributable to Defendant's infringement of Dakota Design's copyrights in the Copyrighted Work; and (ii) the material breaches of the Parties' contracts, specifically the Terms of Use that Defendant agreed to in the course of purchasing the Copyrighted Work from Dakota Design and the Limited License Agreement providing for limited rights to use the Copyrighted Work that Defendant's purchase of the Copyrighted Work was conditioned upon.

31. On information and belief, Defendant has used and continues to use the Infringing Product as a lead generation tool. Specifically, Defendant has distributed and continues to distribute the Infringing Product on a widespread basis to anyone who requests a copy, clients and non-clients alike, for free. Upon information and belief this is part of a commercial strategy by Defendant to build Defendant's email list and promote the sale of additional digital products. This unauthorized distribution of the Infringing Product has served and continues to serve a clear commercial purpose, infringes Dakota Design's exclusive rights under the Copyright Act, and is in violation of the express terms of the Parties' contracts.

32. Dakota Design has been deprived of compensation to which it rightfully would have been entitled but for Defendant's distribution of the Copyrighted Work in the Infringing Product, and otherwise Defendant's unlawful activities in violation of the exclusive rights afforded Dakota Design under 17 U.S.C. § 106 as copyright owner.

33. On December 16, 2024, and again on March 12, 2025, Dakota Design provided Defendant with actual notice of Defendant's infringement of Dakota Design's copyrights in the Copyrighted Work. On March 12, 2025, Dakota Design demanded that Defendant cease its infringing activity. Notwithstanding this demand, Defendant persists in its infringement of Dakota Design's copyrights.

34. Defendant's use of Dakota Design's Copyrighted Work, without license, authority, or other permission, and in contravention of the Parties' agreements, has been willful and intentional. On information and belief, Defendant intends to continue its unlawful use of the Copyrighted Work by continuing to, among other things, reproduce, distribute, and prepare derivative works based upon, the Copyrighted Work, including, without limitation, by reproducing and distributing the Infringing Product, through the ViolaHouse.ca website and other channels, despite having no authority, license, or other permission to do so.

**COUNT I**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 501(a)**

35. Dakota Design repeats, realleges, and incorporates the foregoing Paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36. Dakota Design owns valid copyrights in the Copyrighted Work.

37. Dakota Design is the copyright claimant for the copyright registration for the Copyrighted Work (the "Copyright Registration") and is identified as such in the Copyright Registration. (*See* Ex. A).

38. Defendant purchased and downloaded the Copyrighted Work from Dakota Design on March 14, 2023. Defendant, therefore, had access to the Copyrighted Work.

39. In preparing the Infringing Product, Defendant directly copied original, copyrightable expression created by Dakota Design independently.

40. The Infringing Product bears text and design that is, at a bare minimum, substantially similar to the Copyrighted Work.

41. The Infringing Product is so similar to the Dakota Design's Copyrighted Work that an ordinary reasonable person would conclude that Defendant unlawfully appropriated Dakota Design's protectable expression by taking material of substance and value from the Copyrighted Work.

42. Defendant's infringement of Dakota Design's copyrights has been and continues to be willful.

43. In unlawfully, *inter alia*, reproducing and distributing the Copyrighted Work, Defendant has infringed upon the exclusive rights afforded copyright owners pursuant to 17 U.S.C. § 106.

44. Upon information and belief, Defendant has used Dakota Design's Copyrighted Work to solicit customers who would have otherwise purchased directly from Dakota Design, thereby interfering with Dakota Design's economic advantage.

45. Defendant's actions have caused, and unless restrained by this Court, will continue to cause, substantial and irreparable injury to Dakota Design, including, but not limited to, harm

to Dakota Design's goodwill and reputation, and loss of the exclusivity to which Dakota Design is entitled under the Copyright Act, as well as financial injury, including loss of sales income.

## PRAYER FOR RELIEF

WHEREFORE, Dakota Design respectfully requests that this Court:

A. Permanently enjoin Defendant, and its respective agents, servants, employees, attorneys, successors, and assigns, and any and all persons or business entities in active concert or participation with them, or any of their successors or assigns, from directly or indirectly:

i. Reproducing, preparing derivative works based upon, distributing, performing publicly, or displaying publicly, in any manner, the Copyrighted Work, or any reproduction, counterfeit, copy, colorable imitation, or part thereof;

ii. Selling, sharing, or repurposing the Infringing Product or any other reproduction, counterfeit, copy, colorable imitation of Dakota Design's Copyrighted Work;

iii. Assisting, aiding, or abetting any other person or business entity with engaging in or performing any of the activities referred to in the above subparagraphs (i) and (ii).

B. Enter judgment in favor of Dakota Design, and against Defendant on Count I of this Complaint;

C. Order that Defendant be required to account to Dakota Design for Defendant's revenue traceable in whole or in part to Defendant's unauthorized distribution of the Infringing Product;

D. Award Dakota Design actual damages, as measured by the loss of fair market value of the Copyrighted Work, including but not limited to (i) Dakota Design's loss of profits attributable to Defendant's infringement and/or (ii) the value of the infringing use of the Copyrighted Work to Defendant; and

E. Order disgorgement of Defendant's profits attributable to its infringement and award such profits to Dakota Design;

F. Award Dakota Design its attorneys' fees, costs, and interest; and

E. Award any and all further relief that the Court deems equitable and just.

## COUNT II
## BREACH OF CONTRACT UNDER ILLINOIS LAW – TERMS OF USE

46. Dakota Design repeats, realleges, and incorporates the foregoing Paragraphs 1 through 45 of this Complaint as if fully set forth herein.

47. Dakota Design operates a website from which users may lawfully purchase and download digital works, including the Copyrighted Work.

48. At the time of purchase and download, Defendant affirmatively agreed to Dakota Design's Terms of Use by checking a box indicating that it agreed to the Terms of Use. By checking this box and proceeding with the purchase, Defendant entered into a valid and enforceable contract with Dakota Design, the terms of which include the Terms of Use.

49. The Terms of Use expressly state that purchasers, including Defendant, are prohibited from reproducing, duplicating, copying, selling, creating derivative works of, disclosing, distributing to any third party, or otherwise using any material from the Copyrighted Work without Dakota Design's prior written consent.

50. Dakota Design fully performed its obligations under the Terms of Use by providing Defendant access to download the Copyrighted Work.

51. Defendant materially breached the Terms of Use at least by reproducing, duplicating, copying, creating one or more derivative works based upon, and disclosing and distributing to third-parties the Copyrighted Work without Dakota Design's consent.

52. As a direct and proximate result of Defendant's breach, Dakota Design has suffered damages, including lost licensing and/or sales revenue, and loss of exclusivity.

## PRAYER FOR RELIEF

**WHEREFORE**, Dakota Design respectfully requests that this Court:

A. Enter judgment in favor of Dakota Design, and against Defendant on Count II of this Complaint;

B. Award Dakota Design actual damages including but not limited to Dakota Design's lost profits caused by Defendant's unlawful conduct, consequential damages, and punitive damages, as well as Dakota Design's attorneys' fees, costs, and interest; and

C. Award any and all further relief that the Court deems equitable and just.

## COUNT III
### BREACH OF LICENSE AGREEMENT UNDER ILLINOIS LAW – LIMITED COPYRIGHT LICENSING AGREEMENT

53. Dakota Design repeats, realleges, and incorporates the foregoing Paragraphs 1 through 52 of this Complaint as if fully set forth herein.

54. At the time of the purchase and download, Defendant agreed to a limited, non-exclusive license to use the Copyrighted Work solely in accordance with Dakota Design's Terms of Use, (hereinafter, the "Limited Copyright Licensing Agreement").

55. The Limited Copyright Licensing Agreement was included within the Copyrighted Work at the time of purchase of the Copyrighted Work by Defendant.

56. The Limited Copyright Licensing Agreement specifically prohibited reselling, duplicating, sharing, copying, distributing, creating derivative works based upon, and offering to any third party or marketplace the Copyrighted Work without express written consent from Dakota Design.

15

57. Defendant exceeded the scope of the license and thereby breached the license agreement at least by reselling, duplicating, sharing, copying, distributing, creating derivative works based upon, and offering to third parties the Copyrighted Work.

58. As a direct and proximate result of Defendant's breach, Dakota Design has suffered damages, including lost licensing and/or sales revenue, and loss of exclusivity.

## PRAYER FOR RELIEF

**WHEREFORE**, Dakota Design respectfully requests that this Court:

A. Enter judgment in favor of Dakota Design, and against Defendant on Count III of this Complaint;

B. Award Dakota Design actual damages including but not limited to Dakota Design's lost profits caused by Defendant's unlawful conduct, consequential damages, and punitive damages, as well as Dakota Design's attorneys' fees, costs, and interest; and

C. Award any and all further relief that the Court deems equitable and just.

## DEMAND FOR JURY TRIAL

Dakota Design demands a trial by jury for all issues that are so triable.

Dated: July 10, 2025　　　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　/s/ Theodore J. Chiacchio

　　　　　　　　　　　　　　　　　　　　　　Theodore J. Chiacchio
　　　　　　　　　　　　　　　　　　　　　　**CHIACCHIO IP, LLC**
　　　　　　　　　　　　　　　　　　　　　　307 N. Michigan Ave., Ste. 806
　　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60601
　　　　　　　　　　　　　　　　　　　　　　T: (312) 815-2384
　　　　　　　　　　　　　　　　　　　　　　E: tchiacchio@chiacchioip.com

　　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff Dakota Design Company LLC*